IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONNIE EARL HOWELL,**<br><br>Petitioner,<br><br>v.<br><br>**BRENDA CASH, Warden,**<br><br>Respondent. | **1:13-cv-01518 LJO MJS HC**<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**(Doc. 14)** |

Petitioner is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by R. Todd Marshall, Esq., of the Office of the Attorney General for the State of California.

I.  **INTRODUCTION**

Petitioner is a state prisoner proceeding without counsel and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rather than challenge his underlying conviction, Petitioner challenges a pre-trial finding of mental incompetence. (See Pet., ECF No. 1.) The California Court of Appeal, Fifth Appellate District, described the procedural history as follows: [1]

---

[1] The Fifth District Court of Appeal's summary of the facts in its July 3, 2012 opinion is presumed correct. 28 U.S.C. § 2254(e)(1).

> Appellant/defendant Ronnie Earl Howell (defendant) was charged with several offenses after he ran through a stop sign, attempted to evade a police officer, and was determined to be intoxicated. During the course of the criminal proceedings, he repeatedly made motions pursuant to People v. Marsden (1970) 2 Cal.3d 118 (Marsden) and asserted that he could not be represented by any court-appointed attorney because each such attorney was employed by a office that was involved in a conspiracy to take away his child in a dependency case. The court eventually suspended criminal proceedings and declared a doubt about his competency pursuant to [California] Penal Code section 1368. The court reviewed two expert reports, which concluded that defendant was incompetent to stand trial because he was unable to cooperate with his defense attorney based on his delusions about every defense counsel's purported involvement in the alleged dependency conspiracy. The court ordered defendant committed to Atascadero State Hospital.
>
> On appeal, defendant contends there is insufficient evidence to support the court's initial decision to suspend proceedings because it was solely based on defense counsel's declaration that defendant was not competent. Defendant also challenges the sufficiency of the evidence as to the court's finding that he was not competent.
>
> While this appeal was pending, we asked the parties to update this court regarding defendant's status. The parties advised this court that defendant had been restored to competency, he was in county jail, and criminal proceedings were reinstated. The People request this court to dismiss the instant appeal as moot. Defendant asserts this court should still address the issues he originally raised in his brief. We decline defendant's invitation and will dismiss the instant appeal.

People v. Howell, 2012 Cal. App. Unpub. LEXIS 4965, 1-3 (Cal. App. 5th Dist. July 3, 2012) (Footnote omitted).

On September 19, 2013, Petitioner filed the instant petition. (Pet., ECF No. 1.) Petitioner presents various grounds in the instant petition challenging the incompetency finding as based on insufficient evidence and in violation of his due process rights. (Id.)

On November 26, 2013, Respondent filed a motion to dismiss the federal petition. (Mot. to Dismiss, ECF No. 14.) Respondent explains that Petitioner has subsequently been found competent, returned to state court, and convicted by a jury of the charged offenses. As such, Respondent asserts that the petition is moot because Petitioner is not in custody based on the challenged competency hearing, and that any relief stemming from the petition would not affect the duration of his confinement. Petitioner filed an opposition to the motion on December 12, 2013. (Opp'n, ECF No. 15.)

## II. ANALYSIS

As indicated above, Petitioner filed his Petition for a Writ of Habeas Corpus challenging a finding of incompetence to stand trial.[1] Petitioner does not present challenges to the underlying conviction which serves as a basis for his present confinement. Accordingly, the Court must determine whether this action is moot.

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'" Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer, 523 U.S. at 7). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer, 523 U.S. at 18.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

The "in custody" requirement is jurisdictional for a federal habeas court. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Bailey, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Bailey, 599 F.3d at 978-979, quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). For this aspect of "in custody," actual physical custody is not indispensable to confer

---

[1] It should be noted that in the present petition, Petitioner does not raise claims regarding his competency during trial. It appears that Petitioner's direct appeal of the conviction is still pending in the California Court of Appeal. See Cal. Ct. of Appeal, 5th Dist. Case No. F066587.

jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. Id. at 979. Here, it appears that Petitioner challenges a finding that he was not competent to stand trial. However, Petitioner is not currently in custody based on the competency finding. He is in custody based on being convicted of the underlying criminal charges once his competence was restored. Petitioner is not in custody "under the conviction or sentence under attack at the time his petition is filed." Id. at 978-979. Thus he fails the first prong of the "in custody" test.

Even if Petitioner satisfies the first prong, application of the second aspect of the "in custody" criteria is fatal to his habeas claim. The plain meaning of the test of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction. Rather, section 2254(a) permits a habeas petition to be entertained "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." This language "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey, 599 F.3d at 980. The fact that Petitioner was found to have lacked competence to stand trial, and previously placed in custody and committed to Atascadero State Hospital, does not render his current custody unconstitutional or unlawful under federal law.

Petitioner, in his opposition, does not raise any grounds to cause the Court to doubt that the present petition is moot or doubt that the present legal challenges do not relate to his current custody. As such, Petitioner's claim is moot and the Court recommends the petition be dismissed.

**III. <u>CONCLUSION</u>**

Because Petitioner does not challenge the conviction relating to his present custody, this Court cannot grant any meaningful relief to Petitioner. Therefore, the Court recommends the action be dismissed as moot.

**IV. <u>RECOMMENDATION</u>**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

GRANTED and the habeas corpus petition be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 13, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE